NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMINE JONES, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES ELLIS & BRIAN M. HUGHES <br><br> Defendants. | Civil Action No. 22-292 (ZNQ) (TJB) <br><br> OPINION |

**QURAISHI, District Judge**

Plaintiff Jermine Jones, a pretrial detainee at Mercer County Correctional Center in Lambertville, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. As set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim.

**I.      BACKGROUND**

This case arises from alleged inadequate conditions of confinement during the COVID-19 pandemic at the Mercer County Correctional Center. (*See* Compl. ¶ 6.) Plaintiff names Charles Ellis, warden of the facility, and Brian M. Hughes, a former member of Mercer County's Board of Chosen Freeholders, as defendants in this matter. (*See id.*)

Plaintiff alleges that from December 4, 2020 to the present:

> Warden Charles Ellis had no adherence to the CDC Guidelines, no social distancing, no mask exchange. The[re] was and still is no protection from the transmission of COVID-19. There [are] no

> running showers, clean bedding, clean clothing whatsoever, mold on walls within the jail/unit/beds, the roof leaks water, I sleep on a third bunk right under a light that [does not] go off at night, medical services [are] poor and [they] don't answer slips. I have had the same one tee-shirt and underwear from the day I've come in (December 4, 2020) with no laundry room to wash anything.

(*Id.*)  Plaintiff also alleges that "Brian Hughes is not making sure this facility [that] his office oversees [has] the basic necessities, and that things are working well, and that the warden [is] managing this facility right, and that protection from the COVID-19 [comes] first." (*Id.*)  Plaintiff provides no further details regarding his claims. (*See id.*)

## II.  **LEGAL STANDARD**

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a), or brings an action with respect to prison conditions, s*ee* 42 U.S.C. § 1997e(c).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B), 1915A(a), or 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).  A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In*

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.     DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl. ¶ 1a.) To succeed on a Section 1983 claim, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). The Court liberally construes the Complaint as asserting Fourteenth Amendment conditions of confinement claims against both Defendants. However, for the reasons below, the Court concludes that the matter warrants dismissal without prejudice.

#### A.     Limitation on Compensatory Damages

Section 1997e, entitled "Limitation on recovery," provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42

U.S.C. § 1997e(e).[1]  The United States Court of Appeals for the Third Circuit has interpreted Section 1997e(e) to bar recovery of compensatory damages in such suits in the absence of a showing of physical injury.  *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000).

Here, the Complaint asks that the Defendants "be held liable for all damages," among other requests for relief.  (*See* Compl. ¶ 7.)  However, the Complaint is devoid of allegations that Plaintiff incurred any sort of physical injury from any of the alleged inadequate conditions of his confinement.  For example, the Complaint does not allege that Plaintiff contracted COVID-19 or became ill from any of the alleged unsanitary conditions.  (*See id.* ¶ 6.)  Accordingly, the Court will dismiss without prejudice Plaintiff's claims to the extent they seek compensatory damages. *See Allah*, 226 F.3d at 250.

### B. Personal Involvement Requirement

A defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Section 1983 liability, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights . . . ."  *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976).  In other words, to establish Section 1983 liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Notwithstanding the personal involvement requirement, a plaintiff may establish supervisor liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based

---

[1] The statute defines "prisoner" to include pretrial detainees. *See id.* § 1997e(h).

4

on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

Here, Plaintiff fails to plead sufficient factual matter for the Court to infer reasonably that the Defendants were directly responsible for the alleged conditions. *See Iqbal*, 556 U.S. at 676. Moreover, to the extent Plaintiff attempts to assert claims against Defendants based on their role as supervisors, the Complaint fails to plead sufficient facts showing that they established policies, practices, or customs that directly caused the conditions, that they directed others to violate Plaintiff's rights, or that they had knowledge of and acquiesced to a subordinate's conduct that violated Plaintiff's rights. *See Doe*, 2015 WL 3448233, at *9. Accordingly, the Court will dismiss the remainder of the Complaint without prejudice for failure to state a claim for relief.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint without prejudice. An appropriate Order follows.

Date: April 11, 2023

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

5